# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| STEPHEN PHILLIPS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )     No. 1:24-cv-1183-SHM-tmp |
| | ) |
| CORRECTIONAL OFFICERS, ET AL., | ) |
| | ) |
|     Defendants. | ) |

## ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 7)

On August 26, 2024, Plaintiff Stephen Phillips, who is assigned Tennessee Department of Correction prisoner number 273140, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Phillips has filed three previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous.[1] Phillips may not file any further action in which he *proceeds in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). On November 14, 2024, the Court dismissed the complaint pursuant to § 1915(g) because Phillips did not allege that, when he filed the complaint, he was in imminent danger of serious physical injury as a result of the Defendants' actions described in the complaint. (ECF No. 6 (the "Order").) On December 2, 2024, Phillips filed a motion to "alter and

---

[1] *See Phillips v. Riley*, No. 1:22-cv-01264, ECF No. 17 (W.D. Tenn. July 1, 2024) (dismissed for failure to allege facts stating a claim to relief); *Phillips v. Watkins, et al.*, No. 1:22-cv-01250, ECF No. 7 (W.D. Tenn. Aug. 15, 2023) (dismissed for failure to state a claim to relief as a matter of law); and *Phillips v. Woods, et al.*, No. 1:23-cv-01079, ECF No. 6 (W.D. Tenn. Aug. 15, 2023) (dismissed for failure to state a claim to relief as a matter of law).

amend" the Order. (ECF No. 7 (the "Motion").) For the reasons explained below, the Motion is DENIED.

## I. FACTUAL BACKGROUND

In the complaint, Phillips alleged that the Defendants "denied me my fruit that goes along with my breakfast tray" on August 17, 2024 and August 18, 2024. (ECF No. 1 at PageID 2.) Phillips did not allege injury from the Defendants' conduct described in the complaint. (*See id*.) Phillips did not allege that the Defendants denied him food other than the side portions of breakfast fruit on August 17-18, 2024. (*See id*.) Phillips sought one and a half million dollars ($1,500,000.00) from the Defendants. (*Id*. at PageID 3.)

## II. ANALYSIS

In the Motion, Phillips seeks to "reconsider and proceed further." (ECF No. 7 at PageID 22.) Phillips alleges that he "was under imminent danger of physical injury because without fruit for 2 days automatically affects [sic] plaintiff's health physically and psychologically." (*Id*. at PageID 23.)

Although "no Federal Rule actually permits 'motions for reconsideration,'" relief under Rule 59(e) (authorizing a "Motion to Alter or Amend a Judgment") may be appropriate prior to entry of judgment if "there exists an intervening change in controlling law, new evidence not available at trial, a clear error of law or a manifest injustice." *Newsome v. Nw. Airlines Corp.*, No. 02-2203, 2005 WL 1017991, at *1 (W.D. Tenn. Apr. 28, 2005) (internal quotation marks omitted); *see also Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) (explaining that District Courts can properly consider Rule 59(e) motions that precede formal entry of judgment and that "a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment"). The purpose of Federal Rule

of Civil Procedure 59(e) is to allow a District Court to correct its own mistakes. *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). It "is not intended to relitigate matters already decided by the Court." *Windsor v. A Federal Executive Agency*, 614 F. Supp. 1255, 1264 (M.D. Tenn. 1983), *aff'd*, 767 F.2d 923 (6th Cir. 1985).

The Court liberally construes Phillips's Motion to seek reconsideration of the Order pursuant to Rule 59(e).

Phillips's sole argument in the Motion is his allegation that he was under imminent danger of physical injury when he filed the complaint because he was not "getting fruit for two days." (ECF No. 7 at PageID 24.) Phillips does not allege an underlying disease or other medical condition, and he does not allege with particularity an injury from the two-day deprivation of fruit with his breakfast. (*See id*. at PageID 23-24.) In support of the Motion, Phillips cites *Dearman v. Woodson*, 429 F.2d 1288 (10th Cir. 1970), arguing that *Dearman* stands for the principle that "two days' deprivation of food stated a constitutional claim." (ECF No. 7 at PageID 24.) *Dearman* is not apposite.

The issue before the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit") in *Dearman* was whether the plaintiff had alleged facts stating a claim to relief under 42 U.S.C. § 1983 for cruel and unusual punishment. *Dearman*, 429 F.2d at 1289. The Tenth Circuit in *Dearman* did not address whether the plaintiff had demonstrated imminent danger under § 1915(g), *see id*. -- which is the issue relevant to Phillips's Motion. In *Dearman*, plaintiff brought a claim of cruel and unusual punishment, contending that the defendants "refused to provide food for him during a period of 50½ hours in violation of his constitutional rights." *Dearman*, 429 F.2d at 1289. The Tenth Circuit concluded that the plaintiff had alleged facts stating a claim to relief under § 1983, meaning that the complaint passed screening under the Prison Litigation Reform

3

Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). *Id*. at 1290. The Tenth Circuit emphasized that "[w]e do not intend to herein express any opinion as to the merits of this case." *Dearman*, 429 F.2d at 1290.

For several reasons, the Tenth Circuit's decision in *Dearman* does not warrant reconsideration of the Order in Phillips's case.

First, the Tenth Circuit's holding in *Dearman* was whether plaintiff's factual allegations were sufficient to state a claim under § 1983 -- not, as in Phillips's case, about demonstrating imminent danger under § 1915(g). Second, the facts in *Dearman* are materially distinguishable from those Phillips alleged. In *Dearman*, the plaintiff alleged a complete deprivation of food over two days. *Dearman*, 429 F.2d at 1290. Here, Phillips alleges only a lack of fruit on his breakfast tray on two days. Phillips does not allege that the Defendants denied him other sufficient breakfast food. *See Hill v. Trinity Food Serv.*, No. 3:19-cv-0784, 2019 WL 6250769, at *1 (M.D. Tenn. Nov. 22, 2019) (adequate food, for Eighth Amendment purposes, need only be sufficient to "maintain normal health") (citing *Cunningham v. Jones*, 567 F.2d 653, 600 (6th Cir. 1977)). Third, *Dearman*, which is consistent with precedent in the Sixth Circuit at the time of the Order, does not represent "an intervening change in the controlling law." *See, e.g.*, *Colvin v. Caruso*, 605 F.3d 282 (6th Cir. 2010) (holding that prison administrators must provide an adequate diet that is "sufficient to sustain the prisoner in good health").

Nothing in the Motion persuades the Court that vacating the Order would be appropriate. Since the date of the Order: (1) there has been no intervening change in the controlling law; (2) Phillips presents no newly discovered evidence; and (3) Phillips has not demonstrated any clear error of law in, or manifest injustice from, the Order. *See Newsome*, 2005 WL 1017991, at *1; *see*

also *Franklin v. Francis*, 36 F. Supp.2d 1008, 1010 (S.D. Ohio 1999) (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir.1973)).

### III.    CONCLUSION

For all of the reasons explained above, the Motion (ECF No. 7) is DENIED.

IT IS SO ORDERED, this  6th  day of February, 2025.

                                      /s/ *Samuel H. Mays, Jr.*
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE